THE VADERLAND, etc.

(*District Court, S. D. New York.* December 29, 1883.)

ADMIRALTY PRACTICE—NEW TRIAL—APPEAL.

> After a hearing in an admiralty cause in this court, and a decision rendered upon complicated questions of law and fact, the cause should not be re-opened and a new trial had for the introduction of further evidence in this court, where there does not appear to have been any mistake or misapprehension in regard to the evidence taken and the facts proved; such relief should be sought upon appeal to the circuit, where the additional facts may be proved as a matter of right.

In Admiralty.

*Rodman & Adams* and *R. D. Benedict,* for Wolff & Co.

*Edward S. Hubbe* and *John E. Parsons,* for steam-ship company.

BROWN, J. Upon the motion for a rehearing in the above case, (18 FED. REP. 733,) it does not appear to the court upon the evidence taken that any error was committed in holding the white damage to be within the exception of the bill of lading under the term "rust," in the absence of any evidence of the restriction of the meaning of that word by commercial usage to the rust of iron. If the court is in error in that respect, an appeal to the circuit court is the appropriate remedy. So far as the supposed error of the court rests upon the alleged commercial use of the word "rust" in a restricted sense, if such restricted use can be proved through further evidence, that error can also be corrected on appeal by the introduction of the appropriate testimony to prove the fact; and relief must be sought in that manner, and not by a rehearing, or by an opening of the cause for further evidence on a new trial in this court. The court, being unable from the testimony to find satisfactorily what was the actual cause of the white damage, or by whose fault it arose, was bound to examine and consider the terms of the bill of lading. The failure of counsel on both sides to aid the court by any consideration of the meaning of the word "rust," did not relieve the court from this duty. If any actual misapprehension or mistake in regard to the facts proved had appeared to have been committed, the court would gladly seek to correct it; but that does not appear.

According to the settled practice, therefore, the relief desired should be sought upon an appeal to the circuit court; and as such appeal would, doubtless, be taken by one side or the other, in any event, the final disposition of the cause will in fact be expedited by following the usual practice; and the motion for a rehearing should be denied.